UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUDSON S.,<br><br>                     Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                     Defendant. | Case No.: 3:22-cv-00118-AHG<br><br>**SCHEDULING ORDER FOR JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** |

On January 28, 2022, Plaintiff Hudson S. ("Plaintiff") filed a civil complaint against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, ("Defendant"), seeking judicial review of the denial of his application for social security disability insurance benefits. ECF No. 1. Defendant filed an Administrative Record on May 4, 2022. ECF No. 12.

Pursuant to Rule 16.1(e)(3) of the Civil Local Rules, an Early Neutral Evaluation and Case Management Conference are not required to be held in this case. The Court hereby enters the following scheduling order:

## I. MANDATORY SETTLEMENT PROCEDURES

The parties shall engage in good faith settlement negotiations to resolve the matter, according to the following schedule:

A. On or before **June 6, 2022**, Plaintiff shall prepare and deliver a **written and detailed proposal of settlement** to the Special Assistant United States Attorney ("SAUSA") representing the Defendant (or, if no SAUSA is assigned to the case, to the assigned Assistant United States Attorney ("AUSA")) by e-mail or facsimile transmission.

B. On or before **June 27, 2022**, Defendant shall evaluate the merits of Plaintiff's contentions and deliver a **written response to Plaintiff's settlement proposal** to Plaintiff's counsel by e-mail or facsimile transmission.

C. On or before **July 5, 2022**, one of the following actions shall occur:

1. The parties shall electronically file a stipulation dismissing, remanding, or otherwise resolving the case; or

2. The parties shall electronically file a **Joint Status Report** advising the Court that they have not resolved the matter in settlement discussions.

## II. JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

If the parties cannot resolve the matter in settlement discussions before the deadlines set forth in this order, the parties shall electronically file a Joint Motion for Judicial Review of Final Decision of The Commissioner of Social Security ("Joint Motion for Judicial Review") in the manner, and according to the schedule, set forth below. In light of the Joint

Motion for Judicial Review requirements set forth in this order, the parties are hereby excused from Civil Local Rule 7.1(e)(6). The parties shall cooperate in preparing the Joint Motion for Judicial Review, and sanctions may be imposed for any failure to cooperate. A Joint Motion for Judicial Review that is not signed by counsel for both parties may be rejected and stricken by the Court. A Joint Motion for Judicial Review that is electronically filed but not prepared in the manner required by this order may be stricken, and the parties will be required to cure the defects by electronically filing an Amended Joint Motion for Judicial Review.

### III.   CONTENT OF JOINT MOTION FOR JUDICIAL REVIEW

The Joint Motion for Judicial Review shall include: (1) a brief summary of the case; (2) the parties' positions with respect to the Administrative Law Judge's ("ALJ") summary of the material medical evidence and testimony of record; (3) a statement of the disputed issues; (4) the parties' contentions with respect to each disputed issue; and (5) the parties' statements of the relief requested.

Any issue not raised in the Joint Motion for Judicial Review may be deemed to have been waived. The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue.[1] When citing cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon. The parties shall also specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the administrative record for all evidence relied upon (e.g., "AR ___"). In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms

---

[1] The parties should cite only controlling case authority (i.e., decisions of the United States Supreme Court or the Ninth Circuit Court of Appeals). If there is no controlling authority, the decisions of other courts may be cited.

understandable to a layperson, preferably by citation to a medical dictionary or glossary from a standard reference work. The parties may not supplement the record beyond definition of technical terms.

### IV. FORM OF JOINT MOTION FOR JUDICIAL REVIEW

The Joint Motion for Judicial Review shall be prepared in the following format, and shall comply with the local rules governing form and typeface:

#### A. Summary of the Case

Plaintiff shall provide a brief summary of the relevant background facts and procedural history. Defendant need not respond to Plaintiff's summary, unless Defendant believes that Plaintiff's summary misstates, mischaracterizes, or omits any material facts or proceedings.

#### B. Medical Evidence

Plaintiff shall state whether Plaintiff will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, Plaintiff shall either: (a) specify the respects in which Plaintiff contends the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence or testimony of record; or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

Defendant shall state whether Defendant will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, Defendant shall either: (a) specify the respects in which Defendant contends that the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence or testimony of record; or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

#### C. Statement of Disputed Issues

Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that Plaintiff is raising as the grounds for reversal or remand. [Example: "Issue No. 1 – Whether the ALJ properly evaluated Plaintiff's subjective complaints of pain."]

      D.    **Issues and Contentions**

1. Issue No. 1 [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]

    a. Plaintiff's Contentions Regarding Issue No. 1 [Plaintiff shall concisely set forth Plaintiff's contentions (including citations to the page(s) of the administrative record where the cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

    b. Defendant's Contentions Regarding Issue No. 1 [Defendant shall concisely set forth Defendant's contentions (including citations to the page(s) of the administrative record where the cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

    c. Plaintiff's Reply Regarding Issue No. 1 [Plaintiff may, but is not required to, reply to the contentions actually raised by Defendant—provided, however, that any such reply does not exceed 56 continuous lines of text per issue.]

2. Issue No. 2, etc. [Repeat the foregoing format as needed.]

      E.    **Relief Requested**

1. Plaintiff's statement of relief requested.
2. Defendant's statement of relief requested.

**V.   SCHEDULE FOR PREPARATION & FILING OF JOINT MOTION FOR JUDICIAL REVIEW**

The Joint Motion for Judicial Review shall be prepared and electronically filed according to the following schedule:

    A.    On or before **August 9, 2022,** Plaintiff's counsel shall prepare and deliver to the SAUSA or AUSA a draft of Plaintiff's portions of the Joint Motion for Judicial Review (prepared as described in section IV). Plaintiff's counsel shall provide the SAUSA or AUSA and the Office of Regional Counsel with one printed copy of Plaintiff's portions of

the Joint Motion for Judicial Review and two computer-readable electronic copies (one electronic copy must be in an editable word processing format, such as Microsoft Word, and the other electronic copy should be in .pdf format) on a USB thumb/flash drive or via e-mail. The draft of Plaintiff's portions of the Joint Motion for Judicial Review shall comply with the format and content requirements set forth elsewhere in this order.

B.    On or before **September 13, 2022,** Defendant shall provide to Plaintiff's counsel Defendant's portions of the Joint Motion for Judicial Review, and shall deliver one printed copy and two computer-readable copies[2] of the Defendant's portions of the Joint Motion for Judicial Review to Plaintiff's counsel.

C.    On or before **September 27, 2022,** Plaintiff's counsel shall incorporate into the Joint Motion for Judicial Review any reply that Plaintiff may wish to make to Defendant's contentions, and shall deliver a completed copy of the Joint Motion for Judicial Review signed by Plaintiff to the SAUSA or AUSA for review, signature, and electronic filing. Plaintiff shall not use the reply to raise new issues that Defendant has not had an opportunity to address.

D.    On or before **October 4, 2022**, the SAUSA or AUSA shall sign and electronically file the Joint Motion for Judicial Review.

## VI.    ORAL ARGUMENT

Unless otherwise ordered, the issues presented in any Joint Motion for Judicial Review shall be deemed submitted for decision without oral argument.

## VII.    MOTIONS TO AMEND AND COMPLIANCE WITH THIS ORDER

The deadlines set forth in this order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time. Accordingly, requests for extensions of time are discouraged. Any motion requesting a modification of this scheduling order must be made by a joint motion no less than **seven days** before the affected date and shall comply with Magistrate Judge Allison

---

[2] As was required of Plaintiff's counsel, one electronic copy must be in an editable word processing format, such as Microsoft Word, and the other electronic copy should be in .pdf format.

H. Goddard's Civil Chambers Rules (available on the district court's website). The request must state: (1) the original deadline or date; (2) the number of previous requests for continuances; (3) a showing of good cause for the request; (4) whether the request is opposed and why; (5) whether the requested continuance will affect other case management dates; and (6) a declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines and the specific reasons why the deadlines cannot be met.

**IT IS SO ORDERED.**

Dated: May 5, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge